# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELWOOD H. MORRIS, JR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. PJM-10-1484 |
| PATRICIA GOINS JOHNSON, *et al*. | * | |
| Respondents | | |

***

## MEMORANDUM OPINION

Pending is Respondents' Answer to Show Cause alleging the Petition for Writ of Habeas Corpus should be dismissed as an unauthorized successive petition under 28 U.S.C. §2244(b)(3)(A). Paper No. 3. Upon review of the papers filed, the court finds a hearing in this matter unnecessary. For the reasons that follow, the petition shall be dismissed without prejudice.

### Background

Petitioner alleges that he was originally sentenced to serve a term of three years probation upon release from custody. Paper No. 1. He states he was convicted of assault charges while still incarcerated and Judge Long revoked his probation as a result. *Id*. at p. 1. He claims he is currently unlawfully confined because his probation never should have been revoked.

As noted by this Court in *Morris v. Johnson*, Civil Action PJM-10-36 (D. Md.):

> On October 6, 1999, Petitioner pled guilty to one count of theft over $300 and was sentenced to 15 years in prison with all but 18 months suspended, to be followed by a term of probation. Petitioner did not appeal his guilty plea and sentence. His conviction became final November 5, 1999, when the time for filing leave to appeal expired. *See* Md. Rule 8-204(b).
>
> On March 12, 2001, Petitioner pled guilty to violating probation and was sentenced to serve eight years in prison, consecutive to any sentence then being served. Petitioner did not file an application for leave to appeal the revocation of his probation; thus, the judgment became final on April 11, 2001, when the

time for filing leave to appeal expired. On April 30, 2009, Petitioner filed a
Petition For Post Conviction in the Circuit Court for Somerset County. The
post-conviction proceedings were resolved by consent order entered on
September 22, 2009. Petitioner did not file for leave to appeal the post-
conviction court's ruling; thus, that judgment became final on October 22,
2009, when the time for filing leave to appeal expired.

Paper No. 3 at Ex. 2. This court concluded that the petition was untimely and was not subject to any statutory or equitable tolling. *Id*.

### Standard of Review

Under 28 U.S.C. § 2244:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

* * * *

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.*, *see also Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996).

### Analysis

The pending Petition is successive because it challenges the validity of the same conviction[1] tested in *Morris*, Civil Action PJM-10-36; therefore, before this Court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper"

---

[1] The instant petition is another challenge to the May 2001 revocation of probation proceeding. Paper No. 1. Although Petitioner adds a claim for monetary damages, that demand for damages does not insulate the Petition from the requirements of 28 U.S.C. §2244.

provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, the Clerk shall attach hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Accordingly, by separate Order which follows, the Petition for Writ of Habeas Corpus shall be dismissed without prejudice.

August 25, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE